UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. |
| v. | : |
| | : Magistrate Number:   03-638M |
| RENE AQUILES LEFEVER | : |
| | : VIOLATIONS:  18 U.S.C. § 371 |
| | : (Conspiracy to Receive Property Stolen in |
| | : Interstate Commerce); |
| | : 18 U.S.C. § 3146(a) and (b)(A)(ii) |
| | : (Failure to Appear ) |

## INFORMATION

*The United States Attorney charges*:

### Count One

At all times relevant to the underlying offense in Count One of this Information:

1.     The defendant **RENE AQUILES LEFEVER** was a resident of Germantown, Maryland, and was employed as an office Manager at Nery's Auto Service, also known as J & N Auto Service ("Nery's"), which is located at 1731 Kalorama Road, N.W., Washington, D.C.

2.     Conspirator "A"  was a resident of Arlington, Virginia, and was employed as a automobile mechanic at Nery's.

3.     Conspirator "B", who is a relative of defendant **RENE AQUILES LEFEVER**, was a resident of either Maryland or Washington, D.C.

### The Conspiracy

4.     From on or about August 18, 2003 through on or about October 24, 2003, within the District of Columbia, **RENE AQUILES LEFEVER** knowingly and willfully combined, conspired, confederated, and agreed upon with Conspirator A and Conspirator B, and others

unknown ("the Conspirators"), to commit offenses against the United States, more particularly, to receive, possess, conceal, store, barter, sell, and dispose of goods, wares, and merchandise of the value of $5,000 or more, that had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, that is, Receiving Property Stolen in Interstate Commerce, 18 U.S.C. § 2315.

### Object of the Conspiracy

5. Defendant **RENE AQUILES LEFEVER**, together with conspirators A and B, and others, intended to profit and make money by purchasing stolen property from others, and inducing others to steal property to be sold to the Conspirators, at a fraction of the true market value of the property, which property would then be resold for profit by the Conspirators or retained for personal use.

### Manner and Means of the Conspiracy

6. It was part of the conspiracy that defendant **RENE AQUILES LEFEVER**, together with the other Conspirators, purchased property from various individuals at prices substantially below the true value of the property, knowing and having reason to know that the property was stolen.

7. It was further part of the conspiracy that the Conspirators would use Nery's as the primary location for meeting with various known burglars and thieves to purchase from these burglars and thieves the stolen items and to take possession of, and pay for, the stolen items.

8. It was further part of the conspiracy that the Conspirators intended to, and generally did, resell the stolen property at a profit or held the property for future profitable sale, or at other times, to retain the property for personal use.

9.   It was further part of the conspiracy that certain of the Conspirators would cultivate and maintain relationships with various burglars and thieves, which burglars and thieves would steal property and would bring it to Nery's for sale to the Conspirators at a faction of the property's actual market value.

10.   It was further part of the conspiracy that certain of the Conspirators would place orders with various burglars and thieves, and would encourage the burglars and thieves to steal certain types of items. At times, certain of the Conspirators would place orders with the burglars and thieves for specific brands and models of stolen property.

11.   It was further part of the conspiracy that the Conspirators would purchase in the District of Columbia items stolen in Maryland and Virginia.

12.   It was further part of the conspiracy that the Conspirators would transport the stolen property from Washington, D.C. to Maryland or Virginia, where the stolen property was resold, stored for future resale, or maintained for personal use.

### Overt Acts

13.   Beginning in or about 2002, defendant **RENE AQUILES LEFEVER** became employed as an office manager at Nery's.

14.   From 2002 and through October of 2003, defendant **RENE AQUILES LEFEVER** and others at Nery's actively purchased, for a fraction of their fair market value, various items of property knowing and believing the items to be stolen, including, but not limited to such things as laptop computers, camcorders, digital cameras, televisions, stereo equipment, watches, jewelry, power tools, and other items.

15.    On August 19, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** purchased for $40 assorted hats and leather coats believing them to be stolen.

16.    On August 27, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** purchased for $100 in United States currency a laptop computer and audio equipment believing them to be stolen.

17.    On August 28, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** purchased for $40 in United States currency a "Technics" brand and two "Bose" brand pieces of stereo/audio equipment believing them to be stolen.

18.    On a separate occasion, on August 28, 2003, defendant **RENE AQUILES LEFEVER** purchased for $50 in United States currency a "Sony" brand camcorder believing it to be stolen.

19.    On September 11, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** purchased for $40 in United States currency a "Hilti" brand hammer-drill and a "Milwaukee" brand power saw believing them to be stolen.

20.    On September 16, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** together with Conspirator A purchased for $20 in United States currency a DVD player believing it to be stolen.

21.    On September 30, 2003, while at Nery's, Conspirator B, purchased for $50 in United States currency a camcorder believing it to be stolen.

22.    On October 1, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** purchased for $75 in United States currency a digital camera believing it to be stolen.

23. On October 14, 2003, while at Nery's, Conspirator A purchased for $40 in United States currency a Louis Vuitton purse and two "Jensen" brand car amplifiers, and a camera, believing them to be stolen.

24. On October 15, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** together with Conspirator A purchased for $20 in United States currency a knife set believing it to be stolen.

25. On October 24, 2003, while at Nery's defendant **RENE AQUILES LEFEVER** purchased for $200 in United States currency various items of jewelry, a "Pentax" brand camera, and a Play Station audio-visual entertainment device believing them to be stolen.

26. On October 24, 2003, while at Nery's, defendant **RENE AQUILES LEFEVER** purchased for $80 in United States currency a "Compaq" brand laptop computer believing it to be stolen.

(**Conspiracy To Commit Offenses Against the United States**, in violation of Title 18, United States Code, Section 371.)

## Count Two

1. On or about April, 22, 2004, in the District of Columbia, defendant **RENE AQUILES LEFEVER**, having been charged in Criminal Case No. 03-0374M in the United States Court for the District of Columbia with a violation of Title 18, United States Code, Section 371 (Conspiracy to Receive Property Stolen in Interstate Commerce), a felony, and having been released pursuant to chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charge, for appearance before a judicial officer on April 22, 2004 for

a status hearing in Case No. 03-0374M, entitled *United States v. Rene A. Lefever*, did knowingly and willfully fail to appear as required.

    (**Failure to Appear**, in violation of Title 18, United States Code,
  Sections 3146(a) and (b)(A)(ii).)

             Respectfully submitted,

             KENNETH L. WAINSTEIN
             United States Attorney

      By: _____
         Bruce R. Hegyi
         D.C. Bar # 422741
         Assistant United States Attorney
         555 Fourth Street, N.W., 11th Floor
         Washington, D.C.  20530
         (202) 305-9637
         www.bruce.hegyi@usdoj.gov