

**U.S. Department of Justice**

United States Attorney

District of Columbia

FILED
SEP 30 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Bruce R. Hegyi
Assistant United States Attorney

Criminal Division
Transnational/Major Crimes Section

555 Fourth St. N.W.
Room 11-443
Washington, D.C. 20530
(202) 305-9637
(202) 307-6059(fax)

September 21, 2005

BY FAX and FIRST CLASS MAIL
DAVID W. BOS, ESQUIRE
ASSISTANT FEDERAL PUBLIC DEFENDER
625 INDIANA AVENUE, N.W.
SUITE 550
WASHINGTON, D.C. 20004

*[handwritten: Let this be filed / Royce C. Lamberth / U.S.D.J. 9/30/05]*

Re:  03-638M, *United States v. Rene A. Lefever, et al.*
     United States District Court for the District of Columbia

Dear Mr. Bos:

Upon its full and proper execution, this letter will set forth the complete plea agreement ("the Agreement") between this Office and your client, Rene Aquiles Lefever ("Mr. Lefever"). The terms of the Agreement are as follows:

**1. Charges**. Your client agrees to waive any and all possible defenses, together with the right to be indicted by a Grand Jury, and the right to trial by a jury and/or a judge, and enter a plea of guilty to two felony counts of a criminal Information, to be filed in the United States District Court for the District of Columbia. In this regard, Count One of the Information to which he will plead guilty will charge him with Conspiracy, together with others who are known and unknown, to receive, possess, conceal, store, barter, sell, and dispose of goods, wares, and merchandise of the value of $5,000 or more, which have crossed a State boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of 18 U.S.C. §371 (18 U.S.C. §2315). Count Two of the Information will charge him with Failure to Appear, in violation of 18 U.S.C. § 3146(a) and (b)(A)(ii). Your client agrees to, and hereby does, admit (a) his guilt to the offenses charged in the Information, and (b) the truthfulness of the facts set forth in the attached factual proffer as the basis for his admission of guilt; and he agrees to admit the truthfulness of the facts set forth in the attached factual proffer at the time his plea is entered before the Court.

2. **Potential penalties, assessments, and restitution.** Your client understands that the Conspiracy offense charged in the Information carries a maximum penalty of five years imprisonment (*see* 18 U.S.C. §371), a monetary fine of up to $250,000 (*see* 18 U.S.C. § 3571(b)(3)), or both, and may be required to pay certain costs of prosecution. *See* USSG § 5E1.5 The Failure to Appear offense carries a maximum penalty of imprisonment for not more than five years, a fine pursuant to Title 18, or both. *See* 18 U.S.C. § 3146(b)(A)(ii). In addition, your client must pay a special assessment of $200 ($100 for each count) to Clerk of the Court, United States District Courthouse, prior to the date of sentencing. *See* 18 U.S.C. § 3013. Your client understands that the Conspiracy offense is governed by the USSG, including but not necessarily limited to USSG § 2B1.1 Your client understands that the Failure to Appear offense is governed by the USSC, including but not necessarily limited to USSG § 2J1.6. Your client understands that it is the responsibility of the Judge to sentence him. Your client understands that the sentence in this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§3551 *et seq.*, and the United States Sentencing Guidelines, as further described below. Your client further understands that if the Court imposes a sentence which is in any way unsatisfactory to your client, he cannot withdraw his guilty plea. The only exception to the otherwise universal waiver and prohibition, is that you client retains the right to appeal for review by a higher court a sentence that is unlawful.

3. **Release/Detention pending sentencing**. Your client is currently detained and hereby agrees not to seek release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

4. **Waiver of constitutional and statutory rights**. Mr. Lefever understands that by pleading guilty in this case, he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear to testify and present other evidence on his behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. Mr. Lefever would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, he would have the right to appeal the conviction.

Mr. Lefever understands that the Fifth Amendment of the Constitution of the United States protects him from being compelled to incriminate himself and/or make self-incriminating statements in a criminal prosecution. By entering this Agreement and by agreeing to plead guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing.** The parties to this Agreement agree that your client's sentence will be governed by the USSG and that the Guideline applicable to the Conspiracy offense to which your

client is pleading guilty is set forth in USSG §2B1.1, which sets a base offense level for receipt of stolen property at 6. The Government contends that, during the term of the conspiracy, the conspirators purchased goods having a value of ( therefore occasioning a loss of ) greater than $120,000, which would result in the addition of 10 offense levels (USSG §2B1.1(b)(1)(B)). In addition, the Government contends that, during the term of the conspiracy, the offenses committed involved 10 or more victims, which would result in the addition of 2 offense levels (USSG § 2B1.1(b)(2)(A), and that Mr. Lefever was in the business of receiving stolen goods, which would result in the addition of an additional 2 offense levels. (USSG § 2B1.1(b)(4)) However, except for the base offense level, your client reserves the right to dispute these contentions with regard to the Conspiracy count. With regard to the Failure to Appear charge, the parties agree that the applicable Guideline is set forth in USSG § 2J1.6, which sets a base level at 6. In addition, the parties agree that the underlying offense with which Mr. Lefever was charged at the time of his failure to appear was punishable by a term of imprisonment of five (5) years or more, USSG § 2J1.6(b)(2)(B) results in an additional 6 offense levels.

In the event your client fully complies with his obligations under paragraph 6 ("Cooperation with the United States") below, such cooperation will be presented by the Assistant United States Attorney who is prosecuting this case before the Departure Committee of the United States Attorneys Office for the District of Columbia. If the Departure Committee deems that your client's cooperation constitutes "substantial assistance" to the Government and authorizes a downward departure pursuant to USSG §5K1.1, then the Government will seek a sentence of incarceration against your client of less than one year, which you have advised is of importance to your client, as your research has indicated that a sentence of incarceration equal to or greater than one year may subject your client to adverse immigration consequences. Except as set forth in this paragraphs, neither party will request any additional enhancement or adjustments, and neither side will request any upward or downward departures.

Your client fully and completely understands that the final determination of how the United States Sentencing Guidelines apply to this case will be made solely by the Court and that the above calculations or recommendations are not binding upon the Court or the United States Probation Office. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Your client further agrees to waive any constitutional challenge and/or other arguments against the application of the Sentencing Guidelines or the authority of the sentencing judge to make factual findings governing the adjustments and departures set forth in the Sentencing Guidelines. Your client specifically agrees to waive any argument that he has a right to have a jury make the factual determinations necessary to determine the level of sentencing adjustments and/or departures used to compute your client's ultimate offense level and sentence.

6. **Cooperation.** Mr. Lefever agrees to cooperate completely, candidly, and truthfully in the investigation by federal, state, and local law enforcement agencies. Specifically, your client agrees:

a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

h. to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

Your client understands the Government will not call your client in its case-in-chief at a trial of Conspirator B (his relative); but, if requested to do so, your client will acknowledge under oath in other forums the truthfulness of the facts as set forth in the accompanying Factual Proffer and the Information herein.

7. **Government Concessions.** In exchange for Mr. Lefever's guilty pleas, and if your client continues to accept responsibility for his criminal conduct, assists the investigation and prosecution of his misconduct and that of his co-conspirators in this matter (as set forth herein), commits no other criminal acts, and complies with the terms and conditions of this Agreement, then the United States will not oppose a two level reduction in your client's Offense Level with regard to both the Conspiracy count and the Failure to Appear count for his acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1(a). In addition, with regard to the Conspiracy count, the Government will file a motion under U.S.S.G. § 3E1.1(b) for a one level reduction in defendant's offense level. Moreover, the Government will not seek any other or further upward departure from the Guideline range on the basis of any information known to the United States as of this date. Also, subject to other paragraphs in this Agreement, the United States will not bring any additional criminal charges against Mr. Lefever in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for ~~the alien smuggling charges outlined in the Superseding Indictment~~. This Agreement not to prosecute Mr. Lefever does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this Agreement, of any crimes of violence involving Mr. Lefever.

*[handwritten marginalia: "matters related to the charges in the indictment"]*

   8. **Departure Committee**. At the time of Mr. Lefever's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Lefever to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Mr. Lefever to the United States. If the Departure Committee determines that Mr. Lefever has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file motions pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). Mr. Lefever understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Lefever further understands that the failure of the United States to file any "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

   9. **Reservation of allocution.** Mr. Lefever understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, consistent with this Agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

   10. **Prosecution by other agencies/jurisdictions.** This Agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, Bureau of Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

11. **Breach of agreement.** Mr. Lefever understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this Agreement, or commits any further crimes, he will have breached this Agreement. In the event of such a breach, (a) the United States will be free from it obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Lefever, directly and indirectly, in any criminal or civil proceeding all statements made by him and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this Agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Mr. Lefever acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, Mr. Lefever understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this Agreement will be admissible against your client for any purpose in any criminal or civil proceeding if he breaches this Agreement or his guilty pleas is subsequently withdrawn. Moreover, in the event Mr. Lefever's guilty plea/s is/are withdrawn, he agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Mr. Lefever understands and agrees that the United States shall only be required to prove a breach of this Agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit Mr. Lefever to commit perjury, to make any false statements or declarations, to obstruct justice, or to protect him from prosecution for any crimes not included within this Agreement or committed by him after the execution of this Agreement. Mr. Lefever understands and agrees that the United States reserves the right to prosecute him for any such offenses. Mr. Lefever further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, Mr. Lefever will not be allowed to withdraw this guilty plea.

12. **No other agreements.**  Mr. Lefever represents, warrants and agrees that no or further prior and/or contemporary agreements, promises, understandings, and/or representations have been made by the parties other than those contained in this written Agreement. Mr. Lefever further represents, warrants, and agrees that no future agreements, promises, understandings, and/or representations by and/or between the parties will be valid unless they (a) are committed to writing and signed by (i) your client, (ii) your client's counsel, and (iii) an Assistant United States Attorney for the District of Columbia, or (b) are made by the parties on the record before the Court.

If Mr. Lefever agrees to the conditions set forth in this letter, both he and you should sign the original in the spaces provided below, initial every page of this Agreement, and return the executed Agreement to me. The original of this Agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN (D.C. Bar # 451058)
United States Attorney for the District of Columbia

BRUCE R. HEGYI (D.C. Bar # 422741)
Assistant United States Attorney

United States Attorney's Office
555 Fourth Street, N.W., 11th Floor
Washington, D.C. 20530
(202) 305-9637
www.bruce.hegyi@usdoj.gov

Attachments (Factual Proffer)

-7-

## ACCEPTANCE BY DEFENDANT

I have read all of this plea Agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea Agreement and all matters relating to it. I fully understand this plea Agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand fully the terms and/or effects of this plea Agreement. Other than as set forth above in this Agreement, there have been no other or further agreements, promises, understandings and/or representations of any kind made with, to, and/or for me in relation to any matter touching and/or concerning this Agreement.

9/30/05
Date

RENE A. LEFEVER
Defendant

## ACKNOWLEDGEMENT BY COUNSEL

I am defendant's attorney. I have reviewed every part of this plea Agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

9/30/05
Date

DAVID W. BOS, ESQUIRE
Counsel for Defendant