HONORABLE ROYCE C. LAMBERTH, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Docket No.: CR-05-0362-01 |
| vs. | : SSN: |
| Lefever, Rene Aquiles | : Disclosure Date: November 7, 2005 |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

(X)   There are no material/factual inaccuracies therein.

( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          11/27/05
**Prosecuting Attorney**                                Date

**For the Defendant**

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____          _____  _____
**Defendant**         Date                **Defense Counsel**     Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **November 21, 2005**, to U.S. Probation Officer **Monica Johnson**, telephone number **(202) 565-1332**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
       United States Probation Officer

FILED
JAN 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TOTAL P.01

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

November 21, 2005

Monica Johnson
United States Probation Officer
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

　　　　　　　　　RE:　United States v. Rene LeFever
　　　　　　　　　　　　Crim. No. 05-362

Dear Ms. Johnson:

　　　　Enclosed please find the Defendant's Objections and Comments to the pre-sentence report prepared in connection with the above referenced case.

　　　　**Paragraph 11:** The Defendant did not admit pursuant to the plea agreement that the conspirators purchased goods having a value of greater than $120,000.

　　　　**Paragraph 23:** Because he did not admit (and in fact contested) at the time of the plea the loss amount, the Defendant objects to application of U.S.S.G. §2B1.1(b)(1)(F). See United States v. Booker and United States v. Price, 409 F.3d 436 (D.C. Cir. 2005).

　　　　**Paragraph 27:** With the adjustments noted above, the Adjusted Offense Level (Subtotal) is 8.

　　　　**Paragraph 29:** Pursuant to Paragraph 7 of the Plea Agreement, the Defendant objects to the determination that U.S.S.G. §3E1.1 does not apply in this case.

　　　　**Paragraph 30:** With the adjustments noted above, the Total Offense Level is 6.

　　　　**Paragraphs 32, 34, 35, 36, 37 and 39:** Because the Defendant did not admit to the existence of these cases in either the factual proffer or plea agreement, the Defendant objects to the inclusion of these convictions in the calculation of his criminal history. See United States v.

Booker and United States v. Price, 409 F.3d 436 (D.C. Cir. 2005).

**Paragraph 40**: With the adjustment noted above, the Defendant's subtotal criminal history score is 6.

**Paragraph 41**: Because the Defendant did not admit in either the factual proffer or plea agreement to being under a criminal justice sentence at the time the instant offense was committed, the Defendant objects to the application of U.S.S.G. §4A1.1(d). See United States v. Booker and United States v. Price, 409 F.3d 436 (D.C. Cir. 2005).

**Paragraph 42**: Because the Defendant did not admit in either the factual proffer or plea agreement to having committed the instant offense less than two years after release from imprisonment, the Defendant objects to the application of U.S.S.G. §4A1.1(e). See United States v. Booker and United States v. Price, 409 F.3d 436 (D.C. Cir. 2005).

**Paragraph 43**: With the adjustments noted above, the Defendant has a total of 6 criminal history points, which establishes a criminal history category of III.

**Paragraph 82**: Based on a total offense level of 6 and a criminal history category of III, the guideline range for imprisonment is 2-8 months.

Sincerely,

David W. Bos
Assistant Federal Public Defender

2